Howell E. Jackson, Sp. J.,
delivered the opinion of the court:
The single, question presented for our determination by this record arises on the following state of facts: The defendant, having been regularly indicted by the grand jury of Shelby county, for the offense of petit larceny, under the act of March 23d, 1875, ch. 84, was arraigned and plead not guilty to the charge, was tried by a jury on said plea, and was by them convicted of the offense as set forth in the indictment, and his imprisonment fixed at the period of one year in the county workhouse of Shelby county. The court, thereupon, passed sentence, and rendered judgment in conformity with said verdict, that the defendant should be confined in the county workhouse at hard work for the period of one year, and until he should have paid the costs of the prosecution. The attorney-general’s fee in. the bill of costs rendered to the keeper cf the workhouse, was fixed by the court at the sum of five dollars, which, together with the other costs, the defendant, under the verdict and sentence of the court, was compelled to work out. In the hill of costs which was certified to the chairman of the county court of Shelby county for payment, the attorney-general’s fee in the case was, by order of the court, fixed at $2.50 as against the county, to which the attorney-general excepted, and moved the court that his fee be taxed at- the sum of $10. This motion being overruled, lie. then moved the court that a tax fee of $5 should be allowed him, and be included in the bill of costs certified to the chairman of the county court for payment. *495 This -motion was also refused, and his fee in the case as against the county was limited by the court to $2.50.
The attorney-general has appealed to this court from the action of the court below on this question as to the fee that should be taxed for him against the county, and by his counsel insists here that if he is not entitled to a fee of $10, he should certainly be allowed the sum of $5, which was included in the bill of costs against the defendant, and which the county would get the benefit of. We are of opinion that the court erred in taxing a fee of $5 for the attorney-general in the bill of costs against the defendant. We are further of the opinion that the court did not err in fixing his tax fee at $2.50, as against the county, in the bill .of costs certified to the chairman of the county court for payment. By sec. 4545 of the Code, it is provided that “in no case of misdemeanor, however, whefre thej county pays the costs, shall the attorney’s tax fees be more than two dollars and fifty cents.” By the act of 28d of March, 1875, sec. 2 of ch. 84, petit larceny is made a misdemeanor in express terms, and the fee was, therefore, properly fixed at $2.50 as against the. county. Sec. 2 of the act of 23d of March, 1875, declaring petit larceny a misdemeanor, is criticized by counsel for the attorney-general as a “bungling” provision or expression, and the court is ashed to so far disregard the express language of the statute as to declare that it is a higher offense, and thereupon allow the district attorney-general such fee as the law allows him in “felony” cases. But this court has nothing to do with the 'bungling” of the. legislature. The language of the act makes petit larceny a “misdemeanor,” and being a “misdemeanor,” the attorney-general is only entitled to a fee of $2.50 against the county under sec. 4545 of the Code.
Let the judgment of the court be affirmed with costs against L. E. Wright, attorney-general.